[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action under Connecticut General Statutes § 38a-321 the direct action statute which provides, in pertinent part, that when a party obtains a judgment against an insurance company's insured, and the judgment is not satisfied within thirty days, the judgment creditor shall have a right of action against the insurer.
In this case, the plaintiff obtained a judgment against the defendant's insured, Paul Swatsell, in the amount of $254,141.19. The judgment was not satisfied. The judgment debtor, Swatsell, was insured by the defendant at the time when the right of action arose, November 28, 1993. The plaintiff has established its right of action under the statute. Unless the defendant can establish that the coverage is excluded by way of a special defense, the plaintiff must recover.
The defendant has raised the defense of late notice. The failure to prove timely notice does not discharge the duty to provide coverage unless the insurance carrier has been materially prejudiced. The burden of proving lack of prejudice lies upon the party seeking coverage. Aetna Casualty and surety Company v.Murphy, 206 Conn. 409, 418-420.
The complaint against Swatsell alleged that while he was CT Page 8889 repairing the roof at the Bayview Health Care Center, he stripped the stone ballast from the roof and left the job leaving the roof exposed to wind and rain damage.
On November 28, 1993, a wind and rain storm caused damage to the roof and water entered the building causing damage in the amount previously stated. The plaintiff paid its insured Bayview and brought this action to recover the amount of the judgment against Swatsell from his insurer, the defendant.
Notice of the judgment against him was sent to Swatsell on March 8, 1996. In addition, counsel for the plaintiff sent numerous letters to Swatsell advising him of the claim, the lawsuit and, ultimately, the judgment against him and advising him to put his carrier on notice. In response, Swatsell did nothing. The plaintiff did not become aware that the defendant was Swatsell's insurer until around May 22, 1996, at which time it sent a letter telling the defendant about the lawsuit and the judgment. This was the first notice to the defendant, who now maintains that it is prejudiced as a result of not receiving a notice of the claim, lawsuit or judgment.
Under the policy, the defendant is required to be notified as soon as practicable of any claim or lawsuit. It is undisputed that, absent waiver, an unexcused delay in notification of a loss constituted a failure of a condition which entirely discharged an insurance carrier from liability. However, failure to provide timely notice does not discharge the duty to provide coverage unless the carrier has been materially prejudiced. Murphy, supra, p. 417. The plaintiff bears the burden of proving a lack of prejudice.
The plaintiff claims that it offered the defendant an opportunity to open the judgment and try the case on its merits, but defendant refused to do so. It also claims that the information regarding the loss was available by means of photographs, fully documented adjuster's reports and witnesses who are still available to testify about the loss. The plaintiff also argues that the defendant suffered no prejudice as a result of the defendant judgment because it offered to set aside the judgment provided the defendant agreed not to raise lack of notice as a coverage defense.
The defendant argues that the plaintiff could have compelled Swatsell to disclose its insurance carrier by deposing him. CT Page 8890 Secondly, although it made a conditional offer to open the judgment, it never did so. Thirdly, the plaintiff never established that all the necessary information to conduct a full investigation was available to the defendant. Had the defendant been given adequate notice, it could it could have conducted its own investigation. It also claims that there was some evidence to show that the roofer who followed Swatsell on the job, Michael Hall, might have been have been fully or partially responsible for the damage and not Swatsell.
The court finds that the defendant was entitled to conduct its own investigation. It is no defense to say it should be satisfied with that of the plaintiff. The defendant has the right to orchestrate its own investigation satisfactory to it, regardless of the investigation conducted by the plaintiff, which was satisfactory to it. State Farm v. Stanley, 773 F. Sup. 1539
(S.D. Ga. 1991).
The court concludes, therefore, that the plaintiff has failed to meet its burden of proof on the issue of lack of prejudice to the defendant.
Accordingly, judgment must enter in favor of the defendant.
D. Michael Hurley, Judge Trial Referee